IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMION BROMFIELD,

        Plaintiff,

    v.

STATE OF OREGON, DEPARTMENT
OF REVENUE

        Defendant.

Case No. 3:16-cv-00509-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff alleges that Defendant State of Oregon, Department of Revenue breached a installment contract for the payment of a parking citation. Plaintiff alleges that despite his timely contract payments, Defendant illegally and wrongfully garnished

1 - ORDER TO DISMISS -

moneys from Plaintiff's bank account.  By way of remedy, Plaintiff

seeks money damages.

## STANDARDS

Where a a party is granted leave to proceed *in forma
pauperis*, the court shall dismiss the case at any time if the
court determines that:

> (B)   the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be
>> granted; or
>>
>> (iii)   seeks monetary relief against a defendant
>> who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Before dismissing a *pro se* civil complaint for failure to

state a claim, this Court supplies the plaintiff with a statement

of the complaint's deficiencies.  *Karim-Panahi v. Los Angeles

Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v.

Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant

will be given leave to amend his or her complaint unless it is

absolutely clear that the deficiencies of the complaint cannot be

cured by amendment.  *Karim-Panahi*, 839 F.2d at 623; *Lopez v.

Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Subject Matter Jurisdiction

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. *See generally*, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, *Federal Civil Procedure Before Trial* § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 587-38 (1974).

Plaintiff's Complaint makes no reference to federal law and is not based on diversity jurisdiction; it raises only a state law

3 - ORDER TO DISMISS -

claim of breach of contract.   Accordingly, this Court lacks jurisdiction and the Complaint must be dismissed.

## II.   Sovereign Immunity

The Eleventh Amendment bars suits in federal court brought by a citizen against the state, its agencies, or its departments, without the state's consent.   *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).   "A State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving its immunity to suit in the context of a particular federal program." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985), *superceded by statute on other grounds as recognized in Cousins v. Dole*, 674 F.Supp. 360, 362 n.6 (D. Me. 1987).   However the waiver is made, it must be an "unequivocal indication that the State intends to consent to fedreal jurisdiction."   *Id.*

A general "sue and be sued" clause is not sufficient to waive sovereign immunity to suits in federal court.   *See Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 619 (9th Cir. 1992) ("[a]lthough the Compact contains a provision empowering the Commission to 'sue and be sued,' the Commission has not explicitly waived its sovereign immunity to suits in federal courts"), *cert. denied*, 510 U.S. 813 (1993).   Likewise, a state's waiver of sovereign immunity in its own courts is not a waiver of

the Eleventh Amendment immunity to suit in federal court. *Pennhurst*, 465 U.S. at 99 n.9 (citing *Fla. Dep't of Health v. Fla. Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (per curiam)).

Oregon law contains a general waiver of common law immunity, providing that "[a] suit or action may be maintained against . . . the State of Oregon by and through and in the name of the appropriate state agency upon a contract made by . . . such agency and within the scope of its authority." Or. Rev. Stat. § 30.320. However, Oregon did not unequivocally consent to suit in federal court when it enacted Or. Rev. Stat. § 30.320. *Drollinger v. Gerber*, Case No. 3:09-cv-00134-AC, 2011 WL 7154483 at *5 (D. Or. Sept. 12, 2011) (citing *Olson v. Oregon University System ex rel. Pernsteiner*, Case No. 3:09-cv-00167-MO, 2009 WL 1270293 at *6 (D. Or. May 6, 2009)), *report and recommendation adopted by* 2012 WL 381215 (D. Or. Feb. 6, 2012). Consequently, even if Plaintiff's Complaint established subject matter jurisdiction in this Court, Plaintiff cannot state a claim for damages against the State of Oregon Department of Revenue upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim upon which

relief may be granted.  Because it is clear that the deficiencies of the Complaint cannot be cured by amendment, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this _2nd_ day of May April, 2016.

_____
ANNA J. BROWN
United States District Judge

6 - ORDER TO DISMISS -